IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| MICHAEL BRANDON STORY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   CV 125-162 |
| | ) |
| LISA SAFRIT, GEORGIA COMMUNITY SUPERVISION, | ) |
| | ) |
| Respondent. | ) |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner brings the above-captioned case pursuant to 28 U.S.C. § 2254. Although Petitioner originally filed this case in the Northern District of New York, United States District Judge Mae A. D'Agostino transferred the petition to this District because Petitioner seeks to challenge his conviction in the Superior Court of McDuffie County, Georgia. (See doc. nos. 1, 3, 7.) Upon initial review pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice and this civil action be **CLOSED**.

I.     **BACKGROUND**

On June 21, 2018, Petitioner pleaded guilty to burglary, possession of a firearm, and driving with a revoked license in the Superior Court of McDuffie County. (Doc. no. 1, p. 1; doc. no. 2, p. 1.) The trial court sentenced Petitioner to a total term of five years in prison and ten years of probation for all three counts to which he pleaded guilty. (Doc. no. 1, p. 1; doc.

no. 2, p. 1.) According to publicly available records from the Georgia Department of Corrections, Petitioner was released from prison on March 2, 2022, to begin his term of probation. <u>See</u> Georgia Department of Corrections, available at https://gdc.georgia.gov; select Offender Info Link, choose Find an Offender and then Search Now; select I agree – GO to the Offender Quesry; search last name "Story," and first name "Michael"; choose Submit Form; select View Offender Info for "Story, Michael" with Major Offense "Aggrav Assault" (last visited July 22, 2025). Petitioner now seeks federal habeas corpus relief because he was "[f]orced to give up [his] right to vote in probation contract by signing or go back to prison." (Doc. no. 1, p. 5.) Petitioner contends "that being on Georgia state probation with no right to vote goes against US title codes." (<u>Id.</u> at 12; <u>see also</u> <u>id.</u> at 13, 15 (questioning legality of restricting probationer voting rights).) Petitioner concedes he has not challenged the terms of his probation by attempting to appeal or otherwise bring a collateral attack in state court. (<u>Id.</u> at 6, 12.)

## II.     DISCUSSION

### A.     The Exhaustion Requirement

Under the Anti-Terrorism and Effective Death Penalty Act of 1996, ("AEDPA"), and in accordance with the traditional exhaustion requirement, an application for a writ of habeas corpus shall not be granted unless it appears that the petitioner has exhausted the remedies available to him by any state court procedure. <u>See</u> 28 U.S.C. §§ 2254(b)(1)(A) & (c). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by *any* available procedure, the question presented." <u>Id.</u> § 2254(c) (emphasis added). A state inmate is deemed to have exhausted his state judicial remedies when he has given the state courts, or they have otherwise

had, a fair opportunity to address the state inmate's federal claims. Castille v. Peoples, 489 U.S. 346, 351 (1989). "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).

"A state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts." Henderson v. Campbell, 353 F.3d 880, 891 (11th Cir. 2003). The exhaustion requirement applies with equal force to all constitutional claims. See Lucas v. Sec'y, Dep't of Corr., 682 F.3d 1342, 1353-54 (11th Cir. 2012); see also Footman v. Singletary, 978 F.2d 1207, 1211 (11th Cir. 1992). "Ultimately, 'to exhaust state remedies fully[,] the petitioner must make the state court aware that the claims asserted present federal constitutional issues.'" Preston v. Sec'y, Fla. Dep't of Corr., 785 F.3d 449, 457 (11th Cir. 2015) (citation omitted). Lastly, as a general proposition, "when a petitioner has failed to exhaust state remedies, the district court should dismiss the petition without prejudice to allow exhaustion." Reedman v. Thomas, 305 F. App'x 544, 546 (11th Cir. 2008) (*per curiam*) (citing Rose v. Lundy, 455 U.S. 509, 519-20 (1982)).

  **B.**  **Petitioner Failed to Exhaust State Remedies**

Petitioner does not allege that he has invoked any state court remedies. To the contrary, as explained above, Petitioner concedes he has not challenged the terms of his probation by attempting to appeal or otherwise bringing a collateral attack in state court. (Doc. no. 1, pp. 6, 12.) Nothing in Petitioner's filing suggests that he has been prevented from asserting his current claims in a state court proceeding. Indeed, Georgia case law is clear that state habeas corpus procedures are available to challenge terms of probation. See, e.g., Wilson v. Windsor, 630

3

S.E.2d 367, 368 (Ga. 2006) (utilizing state habeas petition to challenge consequences of repeated probation violations); <u>Harvey v. Meadows</u>, 626 S.E.2d 92, 94 (Ga. 2006) (utilizing state habeas petition to challenge punishment for violating special condition of probation).  As Petitioner has not exhausted available state court remedies, his federal habeas corpus petition should be dismissed without prejudice so that he can first give the state courts an opportunity to address his claims.

Because Petitioner fails to show that he attempted to utilize, let alone exhausted, available state remedies, the instant federal habeas corpus petition should be dismissed without prejudice.[1]

### III.   CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 22nd day of July, 2025, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1]Because it is clear Petitioner has not attempted to utilize any state court remedies, the Court declines to reach the issue of timeliness of the current, or any future, federal petition under AEDPA's one-year statute of limitations.  <u>See</u> 28 U.S.C. § 2244(d).